# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER DUANE WHITE,**

 **Petitioner,**

**v.**              **Civil Action No. 1:07cv1**
                   **(Judge Keeley)**

**WARDEN JOYCE FRANCIS,**

 **Respondent.**

## REPORT AND RECOMMENDATION

On January 4, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Gilmer Federal Correctional Institution located in Glenville, West Virginia ("FCI-Gilmer").

In the petition, Petitioner asserts that the Administration at FCI-Gilmer knowingly put the health and safety of its inmates at risk by assigning Plaintiff a job in food service. Petitioner asserts that he has Hepatitis C, a potentially fatal blood bourne disease, and that he also suffers from major depression. Petitioner asserts that despite knowing of his physical and emotional problems, staff assigned him a job in which he could, in a fit of depression, bleed into the food and contaminate and infect tens of hundreds of men with his life-threatening illness.

Petitioner complained to the administration that he should not be working food service. In support of his complaint, Petitioner cited Institutional Supplement <u>GIL</u> 1600.01 which states that "[a]ny body with diabetic soft-soled shoes cannot work in Food Service, Unicor, Commissary, Laundry, V-T, Receiving and Discharge, Mail Room, Facilities, and Recreation." Petitioner asserts that because he complained, and because he had also filed a civil suit, the administration

manufactured and fabricated false disciplinary charges against him. Petitioner further asserts that the administration frustrates and impedes grievances in an effort to hamper a prisoner's right of access to the court and in violation of the Eighth Amendments Prohibition against cruel and unusual punishment and the Fourteenth Amendment right to due process.

Further, Petitioner asserts that he later received a second and third violation based on the aforementioned false report. Petitioner asserts that the disciplinary charges were in retaliation for exercising his constitutional rights. He also claims that Gilmer staff is liable for trespass, conversion, and inverse condemnation. Petitioner then goes on to state why his disciplinary charges were false and why there was insufficient evidence to support the charges. Petitioner also asserts that the punishment he received as a result of the disciplinary charges encroached upon his constitutional rights. Petitioner therefore seeks compensatory and punitive damages for the 60 days spent in disciplinary segregation and reinstatement of his lost good conduct credits. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09, et seq.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a challenge related to the alleged deprivation of good conduct credits is properly brought under § 2241 because it affects the length of a prisoner's confinement. Id. at 487.

However, constitutional claims are clearly civil in nature and in and of themselves do not affect the length of petitioners' sentence. Thus, those claims are not properly raised pursuant to 28 U.S.C. § 2241. See Preiser, supra. Instead, constitutional claims should be raised by way of a civil

rights complaint and be subject to the $350 filing fee required for such cases.

Here, Petitioner's claim regarding the sufficiency of the evidence in his disciplinary proceedings is cognizable on federal habeas review because Petitioner lost good conduct credit as a result of the disciplinary action. However, Petitioner's claims related to his job assignment, retaliation, denial of access to the courts, and cruel and unusual punishment, are civil claims that do not affect the fact or duration of his confinement. Nor do Petitioner's claims of trespass, conversion, and inverse condemnation. Therefore, those claims are not properly raised pursuant to § 2241 and should be dismissed.

Based on the foregoing, the undersigned recommends that Petitioner's claims regarding the conditions of his confinement, including his claims pertaining to his job assignment, retaliation, denial of access to the courts, cruel and unusual punishment, trespass, conversion, and inverse condemnation be DISMISSED WITHOUT PREJUDICE to Petitioner's right to raise those issues in a civil rights complaint. However, because Petitioner alleges that he lost good time credits as a result of the challenged disciplinary proceeding, the undersigned recommends that Petitioner's disciplinary claims be SERVED upon the Respondent and that the respondent be directed to show cause why the writ should not be granted as to that claim.[1]

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation

---

[1] Pursuant to Local Rule of Prisoner Litigation 83.10, "[t]he Clerk shall deliver or serve a copy of the petition on the respondent via first-class mail." Moreover, pursuant to Rule 4 of Federal Rules of Civil Procedure, service shall be made upon the United States by sending a copy of this Order and a copy of the complaint to the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States in Washington, D.C., by certified United States mail, return receipt requested. The Respondent shall have 30 days in which to answer or otherwise respond to the petition. See LR PL P 83.11.

to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 2, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE