```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WALTER DUANE WHITE,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　//　　　**CIVIL ACTION NO. 1:07CV1**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**WARDEN JOYCE FRANCIS,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S EMERGENCY MOTION WITHOUT PREJUDICE

On January 4, 2007, the pro se petitioner, Walter Duane White ("White"), a prisoner at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI-Gilmer") filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241." (Doc. No. 1.) In his petition, White brings a variety of claims against the respondent, Warden Joyce Francis, based on the alleged conduct of FCI-Gilmer personnel. Specifically, White asserts that FCI-Gilmer personnel manufactured disciplinary charges against him in an effort to impede him from following legitimate grievance procedures, in violation of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Moreover, White asserts those disciplinary actions resulted in the improper recision of good conduct time credits. White also brings claims of trespass, conversion, and inverse condemnation against FCI-Gilmer staff.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## DENYING PETITIONER'S EMERGENCY MOTION WITHOUT PREJUDICE

By standing order, the Court referred this case to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation.  On March 2, 2007, Magistrate Judge Seibert entered a Report and Recommendation ("R&R") recommending that White's claim of improper disciplinary procedures resulting in lost good time credit should be served on Warden Francis, but that White's other claims be should denied without prejudice because they do not relate to the fact or duration of White's detention and are not properly raised pursuant to § 2241. Indeed, the magistrate judge makes clear that constitutional claims are "civil in nature and in and of themselves do not affect the length of petitioners' sentence."  (Doc. No. 14 at 2.)  Accordingly, such claims "should be raised by way of a civil rights complaint . . . ." Id. at 2-3.

The R&R informed White that failure to object to the magistrate judge's recommendations would result in the waiver of his appellate rights on those issues.  Nevertheless, White filed no objections to the R&R.[1]  Instead, on March 9, 2007, White filed a separate civil rights action alleging the same claims of

---

[1] White's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### DENYING PETITIONER'S EMERGENCY MOTION WITHOUT PREJUDICE

constitutional infringement raised in his petition here. Given that White did not object to the magistrate judge's R&R, and given that he is pursuing many of the claims brought in this case by alternative means, the Court **AFFIRMS** Magistrate Judge Seibert's R&R, **ORDERS** that White's claim of improper disciplinary procedures resulting in lost good time credit be served on the respondent, and **DENIES WITHOUT PREJUDICE** all other claims in his petition.

### Other Matters

Prior to the entry of Magistrate Judge Seibert's R&R, on February 13, 2007, White filed a motion "Asking for Emergency Injunctive Relief." (Doc. No. 12.) A review of the motion, however, reveals that White brings additional constitutional claims under the Eighth and Fourteenth Amendments suitable for redress in a civil rights action. Indeed, the relief White requests in his motion "is to ask the Court to move to file an action" with regard to the claims raised therein. (Doc. No. 12 at 4.) Accordingly, the Court **DENIES WITHOUT PREJUDICE** White's motion for "Emergency Injunctive Relief," and **DIRECTS** the Clerk's Office to provide the petitioner with the appropriate forms to file a civil rights action.

It is so **ORDERED.**

**White v. Francis**                                                    **1:07CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING PETITIONER'S EMERGENCY MOTION WITHOUT PREJUDICE**

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and transmit a copy of this Order to all appropriate agencies.

Dated: June 1, 2007.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE