**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**WALTER DUANE WHITE,**

          **Petitioner,**

  **v.**                                **CIVIL ACTION NO. 1:07cv1**
                                              **(Judge Keeley)**


**WARDEN JOYCE FRANCIS,**

          **Respondent.**


## CORRECTED REPORT AND RECOMMENDATION[1]

### I. BACKGROUND

On January 4, 2007, petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On March 2, 2007, the undersigned issued a preliminary Report and Recommendation that recommended that all but one of the petitioner's claims be dismissed without prejudice to his right to raise those issues in a civil rights complaint. However, it was further recommended that the petitioner's disciplinary claim be served upon the respondent and that the respondent be directed to show cause why the writ should not be granted as to that claim. On June 1, 2007, the Report and Recommendation was adopted and a summons was issued to the respondent. On July 2, 2007, the respondent filed his response. On July 20, 2007, the petitioner filed a reply to the respondent's response.

This case is now before the Court on the petitioner's Declaration for Entry of Default in which the petitioner asserts that he is entitled to a default judgment because the respondent failed to file a

---

[1]This Report and Recommendation is identical to that filed on December 6, 2007, except to correct the name of the United States District Judge to whom any objections should be filed.

response to his reply and properly defend this action. However, Rule 7(a) of the Federal Rules of Civil Procedure provides tat "[t]here shall be a complaint and an answer...[n]o other pleading shall be allowed, except that the court may order a reply to answer..." Thus, the respondent is not required to file a response to the petitioner's reply, and in fact, such a response is expressly prohibited by the Federal Rules. Therefore, the petitioner is not entitled to default judgment for the reasons stated, and the undersigned recommends that the petitioner's motion (Doc. 35) be **DENIED**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to send a copy of this Report and Recommendation to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 10, 2007.

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE