# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER DUANE WHITE,

       Petitioner,

v.                     //       CIVIL ACTION NO. 1:07CV1
                                           (Judge Keeley)

WARDEN JOYCE FRANCIS,

       Respondent.

## ORDER GRANTING PETITIONER'S MOTION TO FILE OBJECTIONS OUT OF TIME AND ADOPTING REPORT AND RECOMMENDATION

Pending before this Court are a Report and Recommendation ("R&R") on a § 2241 petition (dkt. no. 61), the pro se petitioner, Walter Duane White's ("White") motion to file his objections out of time ("Objections Motion") (dkt. no. 64), and the objections White attached to the Objections Motion. For the reasons stated below, the Court grants the Objections Motion and adopts the R&R.

On January 4, 2007, White, a prisoner at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI Gilmer") filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241." On March 2, 2007, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that this Court dismiss without prejudice all but one of White's claims and order the respondent, Warden Joyce Francis ("Francis"), to show cause why the writ should not be granted as to White's

**ORDER GRANTING PETITIONER'S MOTION TO FILE OBJECTIONS
OUT OF TIME AND ADOPTING REPORT AND RECOMMENDATION**

disciplinary claim. On June 1, 2007, this Court entered an order adopting the report and recommendation and denying all pending motions.

On December 6, 2007, Judge Seibert entered an R&R (dkt. no. 47) recommending that this Court deny White's motion for default judgment (dkt. no. 35), and followed that on December 10, 2007, with a corrected R&R correcting a typographical error (dkt. no. 48). White filed a series of motions following the entry of this R&R. On February 25, 2008, this Court entered an order adopting the R&R and denying all pending motions.

On March 20, 2008, Judge Seibert entered an R&R recommending that this Court deny White's petition and dismiss this case with prejudice. On April 9, 2008, White filed the Objections Motion and attached a copy of the objections to the motion.

**I.  Objections Motion**

In the Objections Motion, White alleges that he did not receive the R&R until March 28, 2008. Consequently, he was not able to respond within the standard ten-day period. For good cause shown, the Court **GRANTS** the motion. The Court will consider White's objections.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DENYING PETITIONER'S MOTIONS**

## II.  Report and Recommendation

This Court reviews <u>de novo</u> any portion of an R&R to which any party objects, but this Court may adopt portions of the R&R to which no party objects without substantive review.[1]

In his objections, White re-asserts many of the civil rights claims previously dismissed and asserts that there was not sufficient evidence to convict him of the violations which remain in this case.  Upon <u>de novo</u> review, the Court finds that the Magistrate Judge properly applied the rule of <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 472 U.S. 445 (1985), when he concluded that sufficient evidence exists in the record to support the conclusions reached by the disciplinary board.  Consequently, the Court affirms the Magistrate Judge's R&R.

## III.  Conclusion

For the reasons stated above, the Court **GRANTS** the Objections Motion (dkt. no. 64), **AFFIRMS** the R&R (dkt. no. 61), **DENIES** White's

---

[1] White's failure to object to a portion of the Report and Recommendations not only waives his appellate rights on that issue, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DENYING PETITIONER'S MOTIONS**

petition, and **DISMISSES** this case **WITH PREJUDICE**.  The Court orders

the Clerk to **STRIKE** this case from the Court's docket.

   It is so **ORDERED.**

   The Clerk is directed to mail a copy of this Order to the <u>pro</u>

<u>se</u> petitioner, certified mail, return receipt requested, and

transmit a copy of this Order to all appropriate agencies.

Dated: April 14, 2008.


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE